IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDERAL DEPOSIT INSURANCE
CORPORATION, a Receiver for Columbia
River Bank,

        Plaintiff,

            3:13-cv-00109-PK

    v.

            OPINION AND ORDER

ROGER CHRISTENSEN, BONNIE
FLETCHER, HOWARD L. HARRIS,
JAMES MCCALL, NANCY O'CONNOR,
ANTHONY J. TARNASKY, BRITT W.
THOMAS, CHARLES F. BEARDSLEY,
WILLIAM A. BOOTH, and JAMES J.
DORAN,

        Defendants.

PAPAK, Magistrate Judge:

    The FDIC asserts three claims for relief against Defendants, who are the former officers

and directors of Columbia River Bank: (1) gross negligence (the standard required to find

personal liability under the Financial Institutions Reform, Recovery, and Enforcement Act

Page 1 - OPINION AND ORDER

("FIRREA")); (2) breach of fiduciary duty; and (3) negligence. Now before the court is

Defendants' Motion to Dismiss (#16) the negligence claim pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons discussed below, the motion is denied.

## BACKGROUND

Columbia River Bank ("CRB" or the "Bank") was an Oregon state-chartered bank

established in 1977. CRB was closed and the FDIC appointed as Receiver on January 22, 2010.

Defendants were officers and directors of CRB at times from 1997 through 2009, with the

responsibility of operating and managing the Bank, including its lending activities. From 2006 to

2008, varying defendants allegedly reviewed and approved 17 transactions consisting of loans

and a line of credit for agriculture, commercial real estate, and acquisition, development and

construction. The loans ultimately resulted in millions of dollars of losses to CRB.

The FDIC contends that Defendants: (1) over-invested in commercial real estate and

acquisition, development and construction loans; (2) failed to establish appropriate policies and

procedures to evaluate, manage, and mitigate the associated risk; and (3) failed to recognize and

react to the declining real estate market. The FDIC asserts claims against all defendants for gross

negligence and breach of fiduciary duty. The FDIC's negligence claim is brought only against

the Bank officers.[1]

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief

---

[1] Under Oregon law, articles of incorporation may limit the personal liability of directors
except for willful, disloyal or bad faith conduct. Or. Rev. Stat. § 60.047(2)(d). CRB's Restated
Articles of Incorporation shield its directors from liability for ordinary negligence. Thus, the
negligence claim is pursued only against CRB's officers.

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation omitted). Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a Rule 12(b)(6) motion to dismiss, a court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Keams v. Tempe Tech. Inst.*, 39 F.3d 222, 224 (9th Cir. 1994). Moreover, the "court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

## DISCUSSION

As a preliminary matter, Defendants contend that directors and officers are treated alike for purposes of determining the appropriate standard of care in this matter. The FDIC does not dispute that directors and officers are subject to the same standards. Therefore, I assume without deciding that officer and director liability standards are interchangeable.

## I.    Ordinary or Gross Negligence

The FDIC and Defendants disagree about whether Oregon law applies an ordinary or gross negligence standard to certain actions of bank officers. Oregon courts have not addressed this issue in the modern era, and there is a split in authority among other jurisdictions as to the appropriate standard to apply when assessing whether officers or directors made an informed

Page 3 - OPINION AND ORDER

decision. Because I agree with the FDIC that Oregon statutory law and case law support a negligence claim by a bank (or its receiver acting on behalf of the bank) against bank officers for negligence, Defendants' motion to dismiss must be denied.

By statute, officers of Oregon corporations must discharge their duties: (1) in good faith; (2) with the care an ordinarily prudent person in a like position would exercise under the circumstances; and (3) in a manner the officer reasonably believes to be in the best interests of the corporation. Or. Rev. Stat. § 60.377(1). In addition, both the Business Corporations Act and the Oregon Bank Act provide that officers are entitled to rely on certain information, opinions, and reports presented by officers, employees, counsel, accountants, and so forth, so long as the officer "reasonably believes" that the person presenting the information is competent and reliable. Or. Rev. Stat. § 707.665(1); *See also* Or. Rev. Stat. § 60.377(2). The statutes also prescribe that "[a]n officer is not acting in good faith if the officer has knowledge concerning the matter in question that makes reliance otherwise permitted by [Or. Rev. Stat. § 707.665(1)] of this section unwarranted." Or. Rev. Stat. § 707.665(2); *See also* Or. Rev. Stat. § 60.377(3).

These statutory provisions plainly set forth an ordinary negligence standard. Officers have a duty of care of an ordinarily prudent person in making business decisions – a negligence standard – but may rely on information and analysis others provide so long as such reliance is "reasonable." And, reliance is not reasonable when the officer has reason to know the information or analysis is unreliable or requires further investigation. These are ordinary negligence standards.

Defendants argue that even though the statutory standard evidences an ordinary negligence standard of officer liability, Oregon's business judgment rule elevates the standard to

the level of gross negligence. Defendants also argue that Oregon case law sets forth a gross

negligence standard for officer liability. I first address the business judgment rule.

"The business judgment rule is a 'presumption that in making a business decision the

directors of a corporation acted on an informed basis, in good faith and in the honest belief that

the action taken was in the best interests of the company.'" *Crandon Capital Partners v. Shelk*,

219 Or. App. 16, 31 (2008) (*quoting Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled*

*in part on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). There are divergent

schools of thought regarding the interplay between the business judgment rule and the concept of

negligence or gross negligence as an underlying standard of care. One approach is that favored

by Defendants and expressed in *Smith v. Van Gorkom*, 488 A.2d 858 (Del. 1985). *Van Gorkom*

squarely holds that "gross negligence is . . . the proper standard for determining whether a

business judgment reached by a board of directors was an informed one." *Id.* at 873. "This rule

grows out of the courts' recognition that 'the amount of information that it is prudent to have

before a decision is made is itself a business judgment.'" *Resolution Trust Corp. v. Dean*, 854

F.Supp. 626, 634 (D. Ariz. 1994) *quoting In re RJR Nabisco, Inc. Shareholders Litigation* [1988-

89 Transfer Binder] Fed.Sec.L.Rep. (CCH) at 91,714 (Del.Ch. 1989).

The other approach, advanced by the FDIC, recognizes that the business judgment rule

*presupposes* that an officer or director has already exercised ordinary diligence before making a

business decision. In other words, the business judgment rule will not protect officers who fail to

meet the threshold requirement of performing their duties with due care. This includes

reasonably informing themselves before making a business decision.

> [W]here the business judgment rule applies to the conduct of a director, a showing
> of gross negligence is necessary to strip the director of the rule's protection.

> Where the threshold requirements of the rule are not met, however, a showing of simple negligence can be sufficient to impose liability on the director.

*F.D.I.C. v. Jackson*, 133 F.3d 694, 700 (9th Cir. 1998)(Arizona law). This approach is favored by the American Law Institute's *Principle's of Corporate Governance* ("ALI Principles") which reveals "[t]he great weight of case law and commentator authority supports the proposition that an informed decision . . . is a prerequisite to the legal insulation afforded by the business judgment rule." ALI Principles, Comment to § 4.01(c)(collecting cases applying negligence standard).

With these differing approaches in mind, I turn now to Oregon case law. Defendants agree that *Devlin v. Moore*, 64 Or. 433, 462 (Or. 1913), is controlling authority in this case, but they argue *Devlin* establishes that gross negligence is the standard of care for judging whether bank officers adequately informed themselves. Defendants focus on language in *Devlin* wherein the Oregon Supreme Court states: "Instead of being shown to have been grossly negligent in regard to their duties, they appear to have been deceived by the adroit manipulation and fraudulent schemes of [another director]." *Id.* at 462. In addition, *Devlin* informs:

> If a director performs his duty such in the same manner as such duties are ordinarily performed by all other directors of all other banks of the same city, it cannot be fairly said that he was guilty of gross negligence.

*Id.* at 463. Defendants' interpretation of *Devlin* is overbroad, and the cited passages concerning gross negligence are taken out of context.

*Devlin* involved a failed Oregon bank that was taken over by a court appointed receiver, Thomas Devlin. In discharging his duties, Devlin uncovered various degrees of mismanagement by some of the bank directors. On behalf of the bank, the receiver sued the directors "on the ground that they were negligent in the discharge of their duties . . . and that they misappropriated

Page 6 - OPINION AND ORDER

the property and funds" of the bank. *Id.* at 435. At the trial court level, the receiver prevailed against some of the directors, while other directors escaped liability. Appeals were filed both by the receiver and by some of the culpable directors. With that as background, the Oregon Supreme Court reviewed the various directors' actions and judged those actions against the appropriate standard under each circumstance.

*Devlin's* references to gross negligence were made in a limited context. The court was deciding whether the fraudulent conduct of director Morris could be imputed to directors Lytle, Friede, Smith and Copeland. Under these particular circumstances, the court held:

> To render directors or other officers of a corporation liable to it for the fraudulent or wrongful acts of other officers, they must have participated therein, or else they must be chargeable with culpable negligence. . . . If a director performs his duty such in the same manner as such duties are ordinarily performed by all other directors of all other banks of the same city, it cannot be fairly said that he was guilty of gross negligence.

*Id.* at 463 (citations omitted). Lytle and his three cohorts did not participate in Moore's fraud, nor were they grossly negligent in their oversight of the bank such that Moore's fraud could be imputed to them. Thus, the court's conclusion that "[i]nstead of being shown to have been grossly negligent in regard to their duties, they appear to have been deceived by the adroit manipulation and fraudulent schemes of Morris." *Id.* at 462.

Here, the FDIC's negligence claim is not premised on imputing the fraud of one officer onto other officers. Instead, it is premised on officers not adequately informing themselves before making a business judgment. In examining whether two directors in *Devlin* had adequately informed themselves of the bank's position, the court analyzed the conduct of two directors against an ordinary negligence standard. *Id.* at 458-59. The court detailed what Directors Lytle and Friede did insofar as attending daily meetings, examining bank notes,

Page 7 - OPINION AND ORDER

requiring weekly reports and examining those reports.  Ultimately, the court determined those

directors "should not be held liable for negligence." *Id.* at 458-59.  To that end, *Devlin* informs

that officers "are not responsible for losses resulting from their wrongful acts or omissions,

*provided they have exercised ordinary care in the discharge of their own duties as directors.*"

*Id.* at 462 (emphasis added).  Use of the word "provided" here means that exercising ordinary

care in the first instance is a threshold requirement to the protections of the business judgment

rule.

   Defendants' reliance on *Bernards v. Summit Real Estate Mgmt., Inc. et al.*, 229 Or. App.

357 (2009), is also unavailing.  *Bernards* involved demand requirements for derivative claims

and held that the business judgment rule applied to protect LLC members' good faith and

disinterested denial of litigation demands.  *Id.* at 365.  *Bernards* does not impose a gross

negligence standard of care for determining whether an officer made an informed decision.

## II.  Consideration of Negligence Claims on Motion to Dismiss

   The FDIC argues that the inquiry into whether an officer's investigation was sufficient is

too fact-intensive for resolution at the pleading stage.[2]  To that end, I recognize the guidance

offered by *Devlin* regarding the nature of these types of claims:

> Ordinary care, in this matter as in other departments of the law, means that degree
> of care which prudent and diligent men would ordinarily exercise under similar
> circumstances.  The degree of care required further depends upon the subject to
> which it is to be applied, and each case must be determined in view of all the
> circumstances of that particular case.

---

  [2] Defendants' arguments universally revolve around pleading gross negligence or
pleading around the business judgment rule.  They have not specifically challenged whether the
allegations in the complaint suffice to state a claim for negligence.

*Devlin*, 64 Or. at 462. With this as background, I agree with the FDIC's argument insofar as it applies to this case. However, I decline to hold as a matter of law that the sufficiency of negligence pleadings in this context cannot ever be challenged on a Rule 12(b)(6) motion to dismiss. On a motion to dismiss, I am required to accept the allegations in the complaint as true and draw all inferences in favor of the nonmoving party. *Kearns v. Tempe Tech. Inst.*, 39 F.3d 222, 224 (9th Cir. 1994). Here, the FDIC has identified specific transactions and explained why it believed the bank officers' conduct fell below the applicable standard of care. It would be imprudent at this juncture to weigh the sufficiency of the FDIC's allegations against Defendants' denials or explanations.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (#16) is denied.

Dated this 28th day of June 2013.

PAUL PAPAK
United States Magistrate Judge